|     |     |
| --- | --- |
| 1   | THE HONORABLE RICHARD A. JONES |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BIOORIGYN, LLC, and JOANNA ELLINGTON CLIFTON,

   Plaintiffs,

   v.

FAIRHAVEN HEALTH, LLC,

   Defendant.

Case No.  2:20-cv-00285-RAJ

**ORDER DENYING MOTIONS TO SEAL WITHOUT PREJUDICE**

   This matter comes before the Court on the parties' motions to seal. Dkt. ## 28, 40, 45. Defendant Fairhaven Health LLC ("Fairhaven") has moved to dismiss the complaint or, alternatively, for summary judgment. Dkt. # 23. Plaintiffs has opposed the motion. Dkt. # 41. Both parties have fully briefed the motion, each attaching declarations and exhibits in support. In moving to seal, the parties ask that some of those submissions—portions of their briefs, and declarations and exhibits in their entirety—be sealed from the public domain. *See, e.g.*, Dkt. ## 23-27, 41-42, 46, 48. The motions to seal are unopposed.

   "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City &*

ORDER – 1

*Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when a court considers a sealing request, "a strong presumption in favor of access is the starting point." *Id.* at 1178 (internal quotation marks omitted).

"'[C]ompelling reasons' must be shown to seal judicial records attached to a dispositive motion." *Id.* at 1179.  That is, the party seeking to seal a judicial record must show that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79.  Compelling reasons may exist when court records "become a vehicle for improper purpose," such as using the records "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598).

Additionally, in the Western District of Washington, parties moving to seal documents must comply with the procedures established by Civil Local Rule 5(g).  Under that rule, the party who designates a document confidential must provide a "specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interest that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient." W.D. Wash. Local Rules LCR 5(g)(3)(B).

The policy and presumption in favor of public access is weighty; the parties have not overcome that presumption.  Both parties posit that the underlying documents to be sealed are confidential and proprietary.  Dkt. # 28 at 3; Dkt. # 40 at 1-2.  The records, they say, contain "intellectual property, product formulations and specifications, manufacturing details, strategic business strategy and competitive information, and business agreements."  Dkt. # 28 at 3; Dkt. # 40 at 1-2.  The Court has reviewed the documents and generally agrees with their characterization.

ORDER – 2

1   Yet their explanation of "the injury that will result if the relief sought is not granted" is lacking. W.D. Wash. Local Rules LCR 5(g)(3)(B)(ii). Their allegations of harm are broad and unsubstantiated by specific examples or articulated reasoning. Fairhaven's argument is conclusory and measures one sentence long: "Disclosure of this information could substantially harm Defendant's ability to compete with its competitors and maintain a viable and profitable business." Dkt. # 28 at 3. Plaintiffs, on the other hand, do not identify any harm at all. Dkt. # 40. This fails to show "compelling reasons" why the documents should be sealed.

What is more, the Court sees no explanation from the parties about "why a less restrictive alternative to the relief sought is not sufficient." W.D. Wash. Local Rules LCR 5(g)(3)(B)(iii). The Court strongly prefers that parties redact documents rather than file the documents completely under seal. Consistent with that preference, the parties have properly redacted portions of their publicly-filed briefs. Dkt. ## 23, 41, 46. But nearly all the declarations and exhibits attached thereto were filed completely under seal. Dkt. ## 25-27, 42, 48. The declarations and exhibits may well contain enough confidential and proprietary information to make applying individual redactions impractical. But the parties have not explained if that is the case or, at the very least, why a less restrictive alternative is insufficient.

Finally, based on its review, the Court determines that some exhibits may not be filed under seal. They are as follows: Dkt. # 34 Ex. L (an article published in a journal); Dkt. # 35 Exs. A (a press release) and E (an article published in a journal); Dkt. # 36 Exs. B (a webpage), D (a press release), and M (an article published in a journal). Fairhaven cannot reasonably claim that these documents, which were presumably made for public consumption, must now be kept from the public simply because they are part of this litigation.

/ / /

/ / /

ORDER – 3

/ / /

/ / /

For the reasons stated above, the Court **DENIES** the parties' motions to seal (Dkt. ## 28, 40, 45) **without prejudice to refiling**. Within 14 days of this Order, the parties may refile their motions to address the shortcomings identified above. If they do not, the Court will direct the Clerk to unseal the sealed documents. In any event, Fairhaven is directed to publicly file the exhibits identified in the previous paragraph.

DATED this 31st day of March, 2021.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 4